**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Danny MILES, Defendant—Appellee.**

**No. 02–10599.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2005.*

Decided April 8, 2005.

3. The transcript shields the identities of the empaneled jurors.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Jonathan L. Marcus, U.S. Department of Justice Criminal Division, Washington, DC, for Plaintiff–Appellant.

Allison Claire, FPDCA–Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellee.

** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

Before: REINHARDT and GRABER, Circuit Judges, and RHOADES,** District Judge.

### MEMORANDUM ***

The government appeals from an order granting Defendant Danny Miles' motion to dismiss a petition charging him with a violation of the conditions of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Defendant, while on supervised release from a conviction for being a felon in possession of a firearm and ammunition, refused to provide a DNA sample to the U.S. Probation Office in accordance with the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. § 14135a. The district court concluded that collecting blood from Defendant, in order to obtain his DNA, violated Defendant's Fourth Amendment rights. However, we later came to the opposite conclusion in *United States v. Kincade*, 379 F.3d 813, 832–34 (9th Cir. 2004) (en banc), *cert. denied*, 2005 WL 637432 (U.S. Mar.21, 2005) (No. 04–7253).

■ Although Defendant was released from supervision after the district court's order on October 31, 2002, this appeal is not moot. Title 18 U.S.C. § 3583(i) provides:

The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

been issued on the basis of an allegation of such a violation.

The government filed a petition to revoke Defendant's supervised release on July 12, 2002, before the expiration of his term, and a summons was issued that same day. In addition, the delay between the end of Defendant's original term of supervised release and this disposition was "reasonably necessary for the adjudication" of the alleged violation. Because Defendant faces re-imprisonment and an additional term of supervision under 18 U.S.C. § 3583(i), our ruling will provide a form of relief to the government and, consequently, is not moot. *See Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir.2001) (stating principle).

Defendant's 1974 conviction for bank robbery was the qualifying offense that triggered the Probation Office's request for a DNA sample under 42 U.S.C. § 14135a. Although Defendant was on supervised release for a crime other than the qualifying offense, he was still subject to the statute's requirements. The statute clearly provides that *anyone* who has been convicted in the past of a qualifying offense and who is on probation, parole, or supervised release falls within its purview. *See* 42 U.S.C. § 14135a(a)(2) ("[P]robation office responsible for the supervision under Federal law of an individual on probation, parole, or supervised release shall collect a DNA sample from each such individual who is, *or has been*, convicted of a qualifying Federal offense . . . ." (emphasis added)).

REVERSED and REMANDED.